MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA  92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiff Robyn Morrow

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| ROBYN MORROW , AN INDIVIDUAL;<br><br>Plaintiff,<br><br>vs.<br><br>LODI MEMORIAL HOSPITAL ASSOCIATION, INC., A CALIFORNIA CORPORATION;  ,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, AND UNFAIR BUSINESS PRACTICES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ROBYN MORROW , alleges:

## JURISDICTION

1.     This Court has jurisdiction over this matter because this complaint alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

2.     This court has supplemental jurisdiction of all the State law claims under 28 U.S.C. § 1367(a).  The State law claims are all related to the same facts – namely whether Plaintiff performed work and was not paid overtime wages and whether that failure to pay was willful.  The failure to provide proper pay check stubs is also directly related to the FLSA claims because Plaintiff is alleging that the pay

check stubs are inaccurate because they did not list the overtime required by the FLSA. The waiting time penalty claim is directly related to whether the failure to pay overtime required by the FLSA was willful. As such, all the claims make up the same case or controversy under Article III of the United States Constitution.

## VENUE

3. This Court is the proper court and this action is properly filed in the County of San Joaquin and in this judicial district because Defendants do business in the County of San Joaquin, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of San Joaquin is the subject of this action.

## PARTIES

4. Plaintiff ROBYN MORROW ("MORROW") was employed by Defendants from January 12, 2010 through March 29, 2017.

5. Defendant LODI MEMORIAL HOSPITAL ASSOCIATION, INC. ("LMRA") is a California corporation doing business in the County of San Joaquin, State of California.

## GENERAL ALLEGATIONS

6. MORROW worked for LMRA as a pharmacy tech.

7. MORROW was an hourly employee that used a time clock to record her hours worked.

8. Records exist of the hours worked by MORROW and these records show that she worked in excess of 40 hours in weeks for which she was not paid overtime.

9. MORROW's work week and started on Sunday just after midnight. The written policy was "The workweek begins at 12:01 a.m. on Sunday and end at 12 midnight the following Saturday."

10. MORROW would then work various shifts, typically working 7 days in

a row.  The 7 days did not always fall in the same work week, in fact, they rarely did.

11.	This resulted in MORROW working more than 40 hours in some weeks and less than 40 hours in other weeks.  She was not paid overtime for the work past 40 in a week.

12.	For instance, the following is a sample schedule for MORROW:

|     | A   | B     | C    | D     | E    | F     | G      |
|-----|-----|-------|------|-------|------|-------|--------|
|     | SUN |       |      |       |      |       | Weekly |
|     | M   |       |      |       |      | 0.00  |        |
|     | T   |       |      |       |      | 0.00  |        |
|     | W   |       |      |       |      | 0.00  |        |
|     | TH  | 21:15 | 0:00 |       |      | 2.75  |        |
|     | F   | 0:00  | 7:15 | 21:15 | 0:00 | 10.00 |        |
|     | SAT | 0:00  | 7:15 | 20:15 | 0:00 | 11.00 | 23.75  |
|     | SUN | 0:00  | 6:15 | 20:15 | 0:00 | 10.00 |        |
|     | M   | 0:00  | 6:15 | 21:15 | 0:00 | 9.00  |        |
| 10  | T   | 0:00  | 7:15 | 21:15 | 0:00 | 10.00 |        |
| 11  | W   | 0:00  | 7:15 | 21:15 | 0:00 | 10.00 |        |
| 12  | TH  | 0:00  | 7:15 |       |      | 7.25  |        |
| 13  | F   |       |      |       |      | 0.00  |        |
| 14  | SAT |       |      |       |      | 0.00  | 46.25  |
| 15  |     |       |      |       |      | 70    |        |
| 16  |     |       |      |       |      |       |        |

13.	In the above sample, the problem can easily be seen.  Because she works 7 days in a row, the total number of hours in the second work week exceeds 40 hours.

14.	Defendant's version of what the company policy was keeps changing.  First, Defendant stated that MORROW was on an alternate work week schedule with overtime computed on a bi-weekly basis.

15.	When it was pointed out that under that scenario, the Fair Labor Standards Act (FLSA) requires daily overtime to be paid, Defendant changed its position and said that she was not on the alternate workweek schedule, but at the same time says that she was on the alternate workweek schedule for California law.  That is, Defendant contends that it can pick and choose which employment laws

apply to it.

16. Defendant either violated the FLSA provisions for 40 hour work weeks, or, if they were on the bi-weekly plan, the FLSA provisions for overtime past 8 hours in a day.

17. Defendant violated California's overtime and meal break laws and keeps changing its story about what the company policies were for overtime and meal breaks each time it is pointed out that their putative policy blatantly violated the law.

18. MORROW generally worked overnight. That is, she would start at 9:15PM (21:15) and work until the next morning at 7:15 AM. However, as shown above, her schedule was periodically shifted so that on some days she started at 8:15 PM (20:15) and worked until the next day at 6:15 AM. As shown above in column "F," which represents the total number of hours worked in that work day, the number of hours varied between 9 hour and 11 hours. MORROW was not paid overtime for work on any of the days.

19. Defendant was shifting the start and stop of the work day to whatever time would fit for Defendant in an attempt to illegally not pay overtime. Defendant knows its policy is illegal but used it because it was confusing and Defendant would intimidate any employees who questioned the illegal policy.

20. Defendant attempted to implement an alternate workweek schedule

21. Defendant claims to have implemented an alternate work week schedule and thus did not pay overtime after 8 hours worked in a day. The Fake Alternate Work-week Schedule (FAWS) does not come close to complying with the law and it was implemented to intimidate and confuse the employees as to what their actual rights are.

22. The FAWS is not actually an alternate work week schedule. It is purporting to be a bi-weekly schedule that varies from week to week.

23. In the alleged "ballot" that Defendants offered, it is even called a "two

week period" schedule.

24. Defendants did not permit MORROW to take meal breaks.

25. Initially, Defendants stated that MORROW as not allowed to take meal breaks because she signed a meal break waiver form.

26. When it was pointed out to Defendant that the meal break waiver form only applied to shifts "of more than ten and fewer than 13 hours," Defendant comically changed its position. Defendant then said that the Meal Period Waiver was completely unnecessary for MORROW and they simply had her sign it out of an abundance of caution.

27. MORROW generally worked 10 hour shifts, so the meal period waiver was not applicable to a significant portion of her shifts because, by its own language, it only applies to shifts "or more than ten" hours.

28. Defendant's original policy towards MORROW was that the waiver applied to all shifts of "ten or more" hours. Defendants treated the waiver as a waiver of the ability to take meal breaks on 10 hour shifts.

29. When it was pointed out to Defendant that the actual language was that it applied only to shifts in excess of 10 hours and was thus largely worthless as a defense, Defendant's response was so ridiculous that no reasonable person would believe it.

30. Defendant now contends that MORROW actually took her breaks or was permitted to take the breaks which is an out-right fabrication.

31. An employee of the Defendant, Mark Wallace ("Wallace"), has stated that there was "witnesses" that saw MORROW taking these meal breaks. Wallace knows that the company policy was to treat the meal break waiver as applicable to 10 hour shifts and is now back pedaling on the issue. Wallace is communicating with employees of Defendants in order to scheme up a way to get out of paying wages that are due.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

### (AGAINST LMRA )

32. Plaintiff refers to and incorporates by reference Paragraphs 1 through 31.

33. This cause of action is brought against LMRA.

34. Pursuant to Industrial Welfare Commission Order No. 5-2001, California Code of Regulations, Title 8, § 11050, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) hours on the seventh consecutive work day in a week.

35. Plaintiff worked more than eight (8) hours in a single workday or forty (40) hours in a single workweek on numerous occasions.

36. Plaintiff was entitled to the above overtime premiums.

37. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

38. Defendants did not pay Plaintiff premium wages of at least one and one-half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

39. Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

40. Plaintiff MORROW worked at least one pay period in which she was not properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

41. Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

42. As a proximate result of Defendants' violations, Plaintiff MORROW has been damaged in an amount in excess of $20,000 and subject to proof at time of trial.

43. Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11050, Plaintiff MORROW is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ADEQUATE MEAL AND PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512

## (AGAINST LMRA)

44. Plaintiff refers to and incorporate by reference Paragraphs 1 through 43.

45. This cause of action is brought against LMRA.

46. Pursuant to Industrial Welfare Commission Order No. 5-2001, California Code of Regulations, Title 8, § 11050, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

47. MORROW was not relieved of all duty during rest breaks and was expected to respond to hospital issues while on rest breaks.

48. Defendant failed to provide Plaintiff a meal period for numerous days worked.

49. Defendant knows or should know the dates for each missed meal period as well as the damages due.

50. Defendant failed to provide Plaintiff at least one meal period within the three (3) years prior to filing this lawsuit.

51. Pursuant to Labor Code § 226.7 and California Code of Regulations, Title 8, § 11050, Plaintiff MORROW is entitled to recover one (1) hour of pay at the regular rate of compensation for each workday that the meal period was not provided.

52. Any compensation due for missed meal and rest breaks must be included in MORROW's regular rate of pay on which overtime is computed under the FLSA.

53. Plaintiff MORROW prays for damages for missed breaks in an amount subject to proof at time of trial.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

## (AGAINST LMRA )

54. Plaintiff refers to and incorporates by reference Paragraphs 1 through 53.

55. This cause of action is brought against LMRA.

56. Plaintiff's employment with Defendants was terminated on March 29, 2017.

57. Defendants willfully refused and continue to refuse to pay Plaintiff MORROW unpaid wages as required by Labor Code § 203. Defendants know that the pay is due and are refusing to pay it.

58. Plaintiff MORROW requests damages and penalties as provided by Labor Code § 203 in the amount of $5,000 and subject to proof at time of trial.

## FOURTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216 (AGAINST ALL DEFENDANTS)

59. Plaintiff refers to and incorporates by reference Paragraphs 1 through 58.

60. This cause of action is against all Defendants, jointly and individually.

61. Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. § 207(a) and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

62. Plaintiff worked numerous weeks in excess of forty (40) hours.

63. Plaintiff was entitled to the above overtime premiums.

64. Defendants failed to compensate Plaintiff for any overtime premiums.

65. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

66. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

67. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

68. Plaintiff used equipment on the job that had previously been transported in interstate commerce.

69. Defendant LRHS was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

70. Defendant LRHS was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

71. Defendant LRHS conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

72. Defendant LRHS employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were

engaged in commerce and regularly used equipment that had been transported in interstate commerce.

73. Defendant LMRA was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

74. Defendant LMRA was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

75. Defendant LMRA conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

76. Defendant LMRA employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed. These employees were engaged in commerce and regularly used equipment that had been transported in interstate commerce.

77. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

78. Plaintiff prays for judgment for overtime pay of $20,000. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

79. Plaintiff prays for judgment for liquidated damages in the amount of $20,000. This amount is supplemental to the relief requested in all other causes of action.

80. Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

## (AGAINST LMRA )

81. Plaintiff refers to and incorporates by reference Paragraphs 1 through 80.

82. This cause of action is brought against LMRA.

83. By failing to pay overtime premiums, Defendants' acts constitute unfair

COMPLAINT FOR LABOR VIOLATIONS

and unlawful business practices under Business and Professions Code § 17200, et seq.

84. By failing to provide adequate meal and rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

85. Plaintiff MORROW prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Damages for overtime not paid to Plaintiff MORROW in an amount in excess of $20,000 and subject to proof at trial.

2. For liquidated damages in the amount in excess of $20,000 and subject to proof at trial.

3. Damages for meal premiums not paid to Plaintiff MORROW in an amount subject to proof at trial, but in excess of $30,000

4. For penalties and damages pursuant to Labor Code § 203 for Plaintiff MORROW in an amount of $5,000 and subject to proof at trial.

5. For restitution and disgorgement for all unfair business practices against Plaintiff MORROW in an amount subject to proof at trial.

6. For prejudgment and post judgment interest.

7. Cost of suit.

8. Attorneys' fees.

9. For such other and further relief as the court may deem proper.

DATED: May 31, 2017            LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
Robyn Morrow

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: May 31, 2017            LAW OFFICES OF MICHAEL TRACY

By: _____
MICHAEL TRACY, Attorney for Plaintiff
Robyn Morrow

COMPLAINT FOR LABOR VIOLATIONS